FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUN -7 P 2:36

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

EDWARD PARKER,

    Plaintiff,

vs.

STATE OF GEORGIA, and GLYNN
COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

CIVIL ACTION NO.: CV205-081

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at the Glynn County Detention Center in Brunswick, Georgia, has filed an action under 42 U.S.C.A. § 1983. A prisoner proceeding *in forma pauperis* in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that he and his cellmate were forced to sleep on cots on several occasions, which has caused him to suffer extreme physical and mental pain. Plaintiff asserts that the Glynn County Detention Center is overcrowded and that all of the inmates share one restroom. Plaintiff alleges that he is forced to live in a hostile environment and fears for his safety. Plaintiff asserts that he has filed a grievance pertaining to these matters; however, Plaintiff also asserts that this grievance was pending at the time he filed his Complaint and that he has not appealed any adverse decision to the highest level possible.

42 U.S.C.A. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter v. Nussle, 534 U.S.

2

516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. 534 U.S. at 523, 122 S. Ct. at 987. It is not the role of the courts to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Rather, the concern is what remedies were available and whether the inmate pursued these prior to filing his suit in federal court. Id.

It appears that Plaintiff has not pursued his available administrative remedies. Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to his failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 7th day of June, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3